STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
LAURA A. ALEXANDER (Cal. Bar No. 313212)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-1019
     Facsimile: (213) 894-0141
     Email:    Laura.Alexander@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 22-55-DSF |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT COLLEEN NEWTON |
| v. | [CLASS A MISDEMEANOR] |
| COLLEEN NEWTON, | |
| Defendant. | |

1.   This constitutes the plea agreement between COLLEEN NEWTON ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

      a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count first superseding


7/11/2022

information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with willfully injuring or committing a depredation against federal property, a Class A misdemeanor, in violation of 18 U.S.C. § 1361 (the "first superseding information").

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

h.   Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

i.   Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

1    Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

2    criminal debt shall be assessed based on the completed Financial

3    Disclosure Statement and all required supporting documents, as well

4    as other relevant information relating to ability to pay.

5            j.    Authorize the USAO to obtain a credit report upon

6    returning a signed copy of this plea agreement.

7            k.    Consent to the USAO inspecting and copying all of

8    defendant's financial documents and financial information held by the

9    United States Probation and Pretrial Services Office.

10           l.    At the time of sentencing, recommend and not contest

11   the joint sentencing recommendation set forth in paragraph 15.

12                        THE USAO'S OBLIGATIONS

13       3.    The USAO agrees to:

14           a.    Not contest facts agreed to in this agreement.

15           b.    Abide by all agreements regarding sentencing contained

16   in this agreement.

17           c.    At the time of sentencing, move to dismiss the

18   underlying indictment as against defendant.  Defendant agrees,

19   however, that at the time of sentencing the Court may consider any

20   dismissed charge in determining the applicable Sentencing Guidelines

21   range, the propriety and extent of any departure from that range, and

22   the sentence to be imposed.

23           d.    At the time of sentencing, provided that defendant

24   demonstrates an acceptance of responsibility for the offense up to

25   and including the time of sentencing, recommend a two-level reduction

26   in the applicable Sentencing Guidelines offense level, pursuant to

27   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

28   additional one-level reduction if available under that section.

1    e.   At the time of sentencing, recommend and not contest
2  the joint sentencing recommendation set forth in paragraph 15.

NATURE OF THE OFFENSE

4    4.   Defendant understands that for defendant to be guilty of
5  the crime charged in the first superseding information, that is,
6  willfully injuring or committing a depredation against federal
7  property, in violation of 18 U.S.C. § 1361, the following must be
8  true: (1) defendant entered in or on federal property; and
9  (2) defendant willfully injured or committed a depredation against
10 the property.

PENALTIES AND RESTITUTION

12   5.   Defendant understands that the statutory maximum sentence
13 that the Court can impose for a violation of 18 U.S.C. § 1361, as
14 charged in the first superseding information, is: one year of
15 imprisonment or a five-year period of probation; if sentenced to a
16 term of imprisonment, a one-year term of supervised release; a fine
17 of $100,000, or twice the gross gain or gross loss resulting from the
18 offense, whichever is greatest; and a mandatory special assessment of
19 $25.

20   6.   Defendant agrees to make full restitution to any victims of
21 the offense to which defendant is pleading guilty.  Defendant agrees
22 that, in return for the USAO's compliance with its obligations under
23 this agreement, the Court may order restitution to persons other than
24 the victims of the offense to which defendant is pleading guilty and
25 in an amount greater than any alleged in the count to which defendant
26 is pleading guilty.  In particular, defendant agrees that the Court
27 may order restitution to any victims of any of the following for any
28 losses suffered by those victims as a result: (a) any relevant

4

conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) the count dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with that count.  The parties currently believe that the applicable amount of restitution is approximately $8,250, but recognize and agree that this amount could change based on facts that come to the attention of the parties before sentencing.

7.   Defendant agrees that any and all fines and/or restitution ordered by the Court will be due immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

8.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.   Defendant understands that, by pleading guilty, a conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that

1  unanticipated collateral consequences will not serve as grounds to

2  withdraw defendant's guilty plea.

3      10.   Defendant understands that, if defendant is not a United

4  States citizen, the conviction in this case may subject defendant to:

5  removal, also known as deportation, which may, under some

6  circumstances, be mandatory; denial of citizenship; and denial of

7  admission to the United States in the future.  The Court cannot, and

8  defendant's attorney also may not be able to, advise defendant fully

9  regarding the immigration consequences of the conviction in this

10  case.  Defendant understands that unexpected immigration consequences

11  will not serve as grounds to withdraw defendant's guilty plea.

12  FACTUAL BASIS

13      11.   Defendant admits that defendant is, in fact, guilty of the

14  offense to which defendant is agreeing to plead guilty.  Defendant

15  and the USAO agree to the statement of facts provided below and agree

16  that this statement of facts is sufficient to support a plea of

17  guilty to the charge described in this agreement and to establish the

18  Sentencing Guidelines factors set forth in paragraph 13 below but is

19  not meant to be a complete recitation of all facts relevant to the

20  underlying criminal conduct or all facts known to either party that

21  relate to that conduct.

22      On or about July 25, 2020, in Los Angeles County, within the

23  Central District of California, defendant entered onto federal

24  property and willfully injured or committed a depredation against

25  federal property, damaging property belonging to the United States.

26  Specifically, on that date, defendant knowingly entered onto the

27  United States Courthouse, located at 350 West First Street in Los

28

6

Angeles, and willfully spray-painted "BACON GETS FRIED" on the courthouse's outside front wall.

### SENTENCING FACTORS AND JOINT SENTENCING RECOMMENDATION

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:           6        U.S.S.G. § 2B1.1(a)(2)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

14.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15.  Defendant and the USAO agree that, taking into account the Sentencing Guidelines, and the factors listed in 18 U.S.C. §§ 3553(a)(1)-(7) and 3561(a)(3), an appropriate disposition of this case is that the Court impose a sentence of: (a) a $25 mandatory special assessment; (b) a term of imprisonment of 30 days; (c) a term of supervised release of one year with the conditions set forth in

Second Amended General Order 20-04 of this Court; and (d) a restitution order of $8,250.  The parties agree that defendant should be credited any time defendant has served against this stipulated sentence.  The parties further agree to request that the Court order, as a condition of defendant's supervised release, a special condition requiring defendant to participate in mental health treatment as approved by the United States Probation and Pretrial Services Office.

16.  The parties agree that they will recommend that the Court impose the sentence set forth in paragraph 15 above, and that they will not seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, departures, or variances in sentence pursuant to the factors set forth in 18 U.S.C. § 3553(a) be imposed, or that the Court impose a sentence other than what has been stipulated to by the parties herein.  The parties agree, however, that the parties may request additional conditions of supervised release beyond those described in paragraph 15.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charge, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

18.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

19.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than thirty days' custody and one year of supervised release, defendant

gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $8,250; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. § 3563(a)(5); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of supervised release agreed to by defendant in paragraph 15 above.

20. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than thirty days' custody and one year of supervised release, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $8,250.

## WAIVER OF COLLATERAL ATTACK

21. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an

explicitly retroactive change in the applicable sentencing statutes or statute of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

22.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL, OR SET-ASIDE

23.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

1

### EFFECTIVE DATE OF AGREEMENT

2  24.  This agreement is effective upon signature and execution of
3  all required certifications by defendant, defendant's counsel, and an
4  Assistant United States Attorney.

5

### BREACH OF AGREEMENT

6  25.  Defendant agrees that if defendant, at any time after the
7  signature of this agreement and execution of all required
8  certifications by defendant, defendant's counsel, and an Assistant
9  United States Attorney, knowingly violates or fails to perform any of
10  defendant's obligations under this agreement ("a breach"), the USAO
11  may declare this agreement breached.  All of defendant's obligations
12  are material, a single breach of this agreement is sufficient for the
13  USAO to declare a breach, and defendant shall not be deemed to have
14  cured a breach without the express agreement of the USAO in writing.
15  If the USAO declares this agreement breached, and the Court finds
16  such a breach to have occurred, then: (a) if defendant has previously
17  entered a guilty plea pursuant to this agreement, defendant will not
18  be able to withdraw the guilty plea, and (b) the USAO will be
19  relieved of all its obligations under this agreement.

20  26.  Following the Court's finding of a knowing breach of this
21  agreement by defendant, should the USAO choose to pursue any charge
22  that was either dismissed or not filed as a result of this agreement,
23  then:

24  a.  Defendant agrees that any applicable statute of
25  limitations is tolled between the date of defendant's signing of this
26  agreement and the filing commencing any such action.

27  b.  Defendant waives and gives up all defenses based on
28  the statute of limitations, any claim of pre-indictment delay, or any

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred before the breach); (ii) the agreed-to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

27.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept the parties' joint sentencing recommendation or the parties' agreements to facts or sentencing factors.

28.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that Court's Sentencing Guidelines calculations and the sentence the Court chooses

to impose is not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

30. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

14

1          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          31.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    STEPHANIE S. CHRISTENSEN
     Acting United States Attorney

9

10   *Laura A. Alexander*                        7/18/2022
     _____           _____
11   LAURA A. ALEXANDER                     Date
     Assistant United States Attorney

12   _____           7/18/72
                                           _____
13   COLLEEN NEWTON                         Date
     Defendant

14   _____           7/18/22
                                           _____
15   ELENA R. SADOWSKY                      Date
     Deputy Federal Public Defender
16   Attorney for Defendant
     COLLEEN NEWTON

17

18

19

20                    CERTIFICATION OF DEFENDANT

21        I have read this agreement in its entirety.  I have had enough

22   time to review and consider this agreement, and I have carefully and

23   thoroughly discussed every part of it with my attorney.  I understand

24   the terms of this agreement, and I voluntarily agree to those terms.

25   I have discussed the evidence with my attorney, and my attorney has

26   advised me of my rights, of possible pretrial motions that might be

27   filed, of possible defenses that might be asserted either before or

28   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

                              15

of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____            7/18/22
_____
COLLEEN NEWTON                              Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am COLLEEN NEWTON's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either before or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is informed and voluntary; and the factual basis set forth

16

in this agreement is sufficient to support my client's entry of a

guilty plea pursuant to this agreement.

7/18/22

_____         _____
ELENA R. SADOWSKY                       Date
Deputy Federal Public Defender
Attorney for Defendant
COLLEEN NEWTON

17

# EXHIBIT A

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          No. CR 22-55(A)-DSF

11            Plaintiff,                F I R S T
                                        S U P E R S E D I N G
12            v.                        I N F O R M A T I O N

13   COLLEEN NEWTON,                    [18 U.S.C. § 1361: Depredation
                                        Against Government Property]
14            Defendant.
                                        [CLASS A MISDEMEANOR]
15

16        The Acting United States Attorney charges:

17                         [18 U.S.C. § 1361]

18        On or about July 25, 2020, in Los Angeles County, within the

19   Central District of California, defendant COLLEEN NEWTON willfully

20   injured and committed a depredation against property of the United

21   States, specifically, the front wall on the north side of the United

22   //

23   //

24   //

25   //

26   //

27   //

28   //

States Courthouse, located at 350 West First Street, Los Angeles, California.

STEPHANIE S. CHRISTENSEN
Acting United States Attorney


SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

DAVID T. RYAN
Assistant United States Attorney
Deputy Chief, General Crimes
Section

LAURA A. ALEXANDER
Assistant United States Attorney
General Crimes Section