E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SIOBHAN M. NAMAZI (N.Y. Bar No. 5487293)
DOJ Trial Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2424
     Facsimile: (213) 894-0141
     E-mail:    siobhan.namazi2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-00055-DSF |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Sentencing: January 9, 2023 |
| COLLEEN NEWTON, | Hearing Time: 9:00 a.m. |
| Defendant. | Location: Courtroom of the Hon. Dale S. Fischer |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and DOJ Trial Attorney Siobhan M. Namazi, hereby files its Sentencing Position for Defendant Colleen Newton.

//
//
//
//
//
//
//
//

This document is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 19, 2022          Respectfully submitted,

                                  E. MARTIN ESTRADA
                                  United States Attorney

                                  SCOTT M. GARRINGER
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                   */s/ Siobhan M. Namazi*
                                  SIOBHAN M. NAMAZI
                                  DOJ Trial Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On July 25, 2020, a large group of protestors gathered outside of several federal buildings in downtown Los Angeles, including the First Street Courthouse located at 350 West First Street. One protestor, defendant Colleen Newton ("defendant"), was captured on surveillance video defacing the front wall of the courthouse with red spray paint, spray painting "BACON GETS FRIED" in distinct lettering on the marble wall near the main entrance.

In its Presentence Investigation Report ("PSR"), the United States Probation Office ("USPO") calculated a total offense level of 6 and a Criminal History Category of I, which results in an advisory Guidelines range of 0 to 6 months' imprisonment. The USPO recommends a sentence of 30 days' imprisonment, one year of supervised release, a $8,250 restitution payment and a $25 special assessment. (Dkt. 35.) The government agrees with USPO's calculation of the sentencing guidelines and criminal history and joins the USPO in its recommendation. Such a sentence is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

**II.  STATEMENT OF FACTS**

As set forth in the plea agreement, the parties agreed to the following factual basis:

On or about July 25, 2020, in Los Angeles County, within the Central District of California, defendant entered onto federal property and willfully injured or committed a depredation against federal property, damaging property belonging to the United States. (Dkt. 20 at 6). Specifically, on that date, defendant knowingly entered onto the United States Courthouse, located at 350 West First

Street in Los Angeles, and willfully spray-painted "BACON GETS FRIED" on the courthouse's outside front wall. (Id.)

On August 1, 2022, defendant pleaded guilty to a single-count first superseding information charging defendant with depredation against government property, in violation of 18 U.S.C. § 1361. (Dkt. 20). Pursuant to a written plea agreement with the government, defendant and the government stipulated to a factual basis and agreed to a base offense level of 6 pursuant to U.S.S.G. § 2B1.1(a)(2). The parties also agreed that an appropriate sentence in this case would be a $25 special assessment fee, a term of imprisonment of 30 days; a term of supervised release of one year; and a restitution order of $8,250. (Id. at 7-8).

**III. SENTENCING RECOMMENDATION**

The government recommends that the Court sentence defendant to 30 days' imprisonment, followed by a one-year period of supervised release; a $25 special assessment, zero fine, and a $8,250 restitution payment. Based on the USPO's assessment of defendant's financial condition as set forth in the PSR, it appears that defendant would not be able to pay the restitution in full at this time. Therefore, the government agrees with USPO's proposal of a monthly restitution payment schedule of $50, or 10 percent of defendant's gross monthly income, whichever is greater. Such a sentence is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

    **A.   Nature and Circumstances of the Offense**

The nature and circumstances of defendant's offense supports a sentence within the guidelines range. 18 U.S.C. § 3553(a)(1).

**B.    History and Characteristics of Defendant**

The government's recommendation takes into account defendant's difficult childhood and the adversity she has had to bear, particularly being the victim of sexual assault, as well as a four-and-a-half year-long abusive relationship with her former partner. See 18 U.S.C. § 3553(a)(1); (PSR ¶¶ 47, 48, 49, 50, 51).

A guidelines sentence is also warranted by defendant's minimal criminal history, which is reflected in her criminal history category of I.  (PSR ¶ 36.)  Defendant was arrested on December 17, 2016 in Marion County, Florida for possession of less than 20 grams of cannabis (F.S. 893.13.6b) and for possession of drug paraphernalia, specifically, a crack pipe. (F.S. 893.147.1).  On May 23, 2017, defendant entered into a deferred prosecution agreement with the state prosecutors, whereby she admitted guilt in the offense charged, completed 10 hours of community service, and completed a substance abuse course.  (PSR ¶ 34).

Several weeks after committing the instant offense, on August 26, 2020, defendant was arrested by Los Angeles Police Department ("LAPD") at another demonstration, for attempting to penetrate LAPD's skirmish line using an illegal shield.  Reports also indicate that defendant spray painted a picture of a pig dressed as a police officer with the message "FUCK A DIRTY PIG" on the wall adjacent to the tunnel on N. Vignes Street.  (PSR ¶ 37).  On September 6, 2020, defendant was arrested by the Los Angeles Sheriff's Department at another demonstration outside the South Los Angeles Sheriff Station.  Numerous dispersal orders were given to participants, and defendant failed to leave the site.  (PSR ¶ 38).  Throughout the investigation of the instant offense, LAPD associated the following additional

3

vandalism to defendant: Vignes Tunnel on August 25, 2020; US Bank Tower on August 26, 2020; and Los Angeles Sheriff's Department Ladera Substation on September 1, 2020. (PSR ¶ 13.)

### C. Need for the Sentence to Reflect the Offense's Seriousness, Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence, and Protect the Public

The sentence must satisfy the need to punish defendant, as well as society's need to reflect the seriousness of the offense; promote respect for the law; provide just punishment; afford adequate deterrence; and protect the public. 18 U.S.C. § 3553(a)(2).

Here, the government's recommended sentence will provide both specific and general deterrence. The need for specific deterrence is evidenced by the instant charge and the fact that shortly after committing the instant offense, defendant engaged in similar acts of vandalism and was arrested on two more occasions for her unlawful conduct at public demonstrations, all of which underscore defendant's decisions to disobey rules and to recidivate. However, the government agrees with USPO that a lengthier term of incarceration is not necessary to deter defendant from recidivating, and that a one-year term of supervised release -- the maximum term available for defendant's crime -- will achieve the goals of sentencing and help protect the community from future crimes by closely monitoring defendant's associations with potentially criminal influences and provide her with the mental health treatment that she needs.

### D. Need to Avoid Unwarranted Disparities

Section 3553(a)(6) requires the Court to minimize sentencing disparities among similarly situated defendants. One way of doing so is to correctly calculate the Guidelines range and then sentence defendants within that range. See United States v. Treadwell, 593

4

F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."); Gall v. United States, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges."). Here, under the correctly calculated Guidelines range, other defendants "with similar records who have been found guilty of similar conduct" as defendant, can expect a prison sentence between zero to six months' imprisonment. See U.S.S.G. § 5A (Sentencing Table). As such, the government's recommended sentence, which is at the low end of that range, avoids an unwarranted disparity with similarly situated defendants.

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to 30 days' imprisonment, followed by a one-year period of supervised release; a $25 special assessment; zero fine, and a restitution payment of $8,250 pursuant to the payment schedule as set forth in the PSR.